**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                         No. 95-5899

WENDELL WILLIAM INGRAM,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Richard C. Erwin, Senior District Judge.
(CR-95-148)

Submitted: June 19, 1997

Decided: July 3, 1997

Before WILKINS and MICHAEL, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Walter T. Johnson, Jr., Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Robert M. Hamilton,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Wendell William Ingram appeals from a criminal conviction after
a guilty plea for possession with intent to distribute heroin in
violation
of 21 U.S.C. § 841(a)(1) (1994). The district court sentenced
Ingram
to a 46 month term of imprisonment to run consecutively to another
federal sentence he was serving. Finding no error, we affirm.

On appeal, Ingram challenges only the imposition of his sentence
to run consecutively, and not concurrently, to the sentence he was
then serving. The applicable guideline, USSG § 5G1.3 (Nov. 1995),
states that the court has the discretion to impose a concurrent,
consec-
utive, or partially concurrent sentence when a defendant in this
situa-
tion is already serving an undischarged term of imprisonment.

We review factual issues regarding application of the Guidelines
under a clearly erroneous standard. See United States v. Daughtrey,
874 F.2d 213, 217 (4th Cir. 1989). We review the legal issues
involv-
ing application of the Guidelines de novo. Id. To the extent that
the
issue before the court is more factual than legal, the standard of
review approaches that of review for clear error. Id.

The district court should consider factors set forth in 18 U.S.C.
§ 3584 (1994), and take note of four additional factors stated in
USSG
§ 5G1.3, comment. (n.3), in determining a reasonable punishment.
See USSG § 5G1.3, comment. (n.3). In his brief, Ingram makes a con-
clusory claim that the district court failed to make any findings
with
respect to the necessary considerations.

First, § 5G1.3 does not require the district court to make specific
findings regarding the enumerated factors. See USSG § 5G1.3, com-
ment. (n.3). Second, the district court reviewed the presentence
report
and heard argument from both parties regarding the imposition of
the

2

sentence. The information before the court included the consider-
ations enumerated in the Guideline. We find that the district court did
not err in imposing a consecutive sentence.

We dispense with oral argument because the facts and legal conten-
tions are adequately presented in the materials before the court and
argument would not aid the decisional process.

AFFIRMED

3